UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br>Petitioner,<br>v.<br>KEN CLARK,<br>Respondent. | No. 2:19-cv-1159 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a proposed amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the undersigned recommends that this case be dismissed.

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Upon review of petitioner's original filing (ECF No. 1), which the undersigned found "confusing at best," the court directed petitioner to submit a proposed amended petition on the form provided, fully setting forth his claims and demonstrating the exhaustion of his claims in the state courts. ECF No. 9.

Petitioner's proposed amended petition, ECF No. 10, fails to correct the defects previously identified and fails to comply with the court's directions. The amended complaint, which is not set forth on the court's form, indicates that petitioner is attempting to challenge the procedures

1

and evidence relied upon by law enforcement officials in arresting petitioner for a parole violation in 1993, interrogating him over a period of several months, and relying on fabricated testimony and withholding crucial evidence in Yolo County Superior Court. Petitioner also alleges in broad terms that he has been subject to cruel and unusual punishment and denied due process; he invokes Marsy's Law, and asserts misapplication of California's "Three Strikes Law." These putative claims, however, lack any clearly articulated factual foundation.

Additionally, petitioner's narrative includes no reference to his attempts to pursue and exhaust these matters in the state courts. Unexhausted petitions may, under limited circumstances, be stayed pending exhaustion, upon a showing that "'[1] petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena v. Long, 813 F.3d 907, 910, 912 (9th Cir. 2016) (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)). Because the instant proposed amended petition contains no clearly identifiable claims, the court is unable to assess the merits of any potentially cognizable claims or whether good cause supports petitioner's apparent failure to exhaust those claims.

Finally, review of the cases petitioner has previously filed in this court[1] indicates that he has attempted on numerous occasions, without success, to pursue a petition for writ of habeas corpus. Significantly, the first such case, Hatchett v. Henry, Case No. 2:97-cv-0458 GEB GGH P, was dismissed based on petitioner's failure to exhaust state court remedies. See id., ECF Nos. 5, 6.

There being no clear ground upon which this case may proceed, the undersigned will recommend its dismissal without prejudice. Amendment having failed to appreciably improve the petition, further amendment would be futile.

////

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

    Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2019

_____  
ALLISON CLAIRE  
UNITED STATES MAGISTRATE JUDGE